By the Court :
On behalf of the plaintiff in error, it is insisted that the circuit court has only such jurisdiction in error as is conferred upon it by statute, and that jurisdiction to reverse an order made in chambers by .a judge of the court of common pleas, is not given by the general statute upon the subject, Revised Statutes, section 6709, which provides that “ a judgment rendered, or final order made by any court of common pleas, may be reversed, vacated, or modified, by the circuit court, etc.”
Counsel for the bank, admitting that the jurisdiction is statutory, insist that it is conferred by the provisions of the statute which relate especially to motions to discharge attachments and proceedings thereon.
It is provided in section 5562, that a motion to ■ discharge an attachment may be heard and decided by the court of. common pleas at any term or regular session thereof, or by any judge thereof in vacation ; and by the general statute relating to orders made out of court, (Revised Statutes, section 4963), the order of discharge made by the *117 judge in chambers must be entered upon the journal of the court.
Section 5563a, provides that a party affected by an “order discharging an attachment, may ñle a petition in error to reverse, vacate or modify the same, as in other eases.” The following section provides, that “when an order discharging an order of attachment is made, and a party affected thereby excepts thereto, the court or judge shall fix the number of days, not exceeding thirty, in which such party may hie his petition in error.”
From these provisions of the statute, it is manifest that the legislature intended that an order discharging an attachment made by a judge in chambers, should have the same effect, and be subject to the same provisions for review, as though made by the court at a regular session. In the. case of Atwood v. Whipple, 48 Ohio St., 308, it was decided that the circuit court has no jurisdiction to review an order dissolving an injunction made by a judge of the court of common pleas at chambers, but nothing more was held than that the jurisdiction is not conferred by the general provisions of section 6709, there being no such provisions as to motions to dissolve injunctions as those relating to motions to discharge attachments and providing for a review thereof.
With respect to the evidence offered upon the hearing of the motion to discharge, it is sufficient to say that that offered by the bank tended to support the affidavit, upon which the writ had been issued, and we do not consider its weight.
Judgment affirmed.